I concur with the opinion of Judge Hoffman but write separately to reference the case of In The Matter of: Jeffrey S., Benjamin S. (Dec. 18, 1998), Lucas App. No. L-96-178, unreported, 1998 WL 879652, which addresses the issue of whether the trial court must allow cross-examination of a guardian-ad-litem in a permanent custody case upon request of one of the parties. In Jeffrey S., the appellate court finds that "a parent's right to due process as a result of his or her fundamental right to raise his or her children must be protected." TheJeffrey S. court goes on to state that "[b]ecause of these due process concerns, even in a civil context, there must be substantial justification set out by the trial court for a denial of the right to confront an adverse witness."[9] Based on this reasoning, I find that, even if R. C. 2151.414(C) does prohibit a guardian ad litem for a child in a permanent custody proceeding from testifying about his or her report, that statute violates the substantive due process rights of a parent when that parent has made a request to the trial court to cross-examine the guardian ad litem for the child.[10]
The duties of a guardian ad litem for a child in a permanent custody case encompass many roles. A guardian ad litem is an investigator making sure that witnesses and evidence regarding the child's well-being are brought to the court's attention. A guardian ad litem is an observer of the child's interactions with and reactions to foster care, parents, siblings and others. A guardian ad litem often has a unique and important view of the progress, or lack thereof, of a child over time. Challenges to these observations based on conflicting information or bias can only be examined through testimony under oath.
I make these findings aware of the possible consequences of such to the guardian ad litem community. Those who do the work of a child's guardian ad litem, whether paid or as a volunteer, generally do the job because of a passion and commitment for children. It is truly a labor of love with receipt of little monetary reward or recognition or appreciation.
I am concerned that this decision will have a chilling effect on those who do or would do the work of a guardian ad litem for children. But I base my decision on what I find the law requires.
[9] The Jeffrey S. court cites to Stanley v. Illinois (1972),405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 and In Re Burchfield
(1988), 51 Ohio App.3d 148, 154, 555 N.E.2d 325.
[10] The situation in which a guardian ad litem report is submitted without a request from one of the parties to call the guardian ad litem as a witness is not before this court, and, therefore, I do not address it in my decision.